Louis Pechman
Gregory Slotnick
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
slotnick@pechmanlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIAMANTINO HASANAJ, on behalf of himself   :
and all others similarly situated,   :
                                                                                                     :   **18 Civ. 2108**
                                            Plaintiff,   :
                                                                           :
        -against-   :   **COMPLAINT**
                                                                              :
ROBERTO'S RESTAURANT CORP. d/b/a   :   **COLLECTIVE ACTION**
ROBERTO'S RESTAURANT, and ROBERTO   :
PACIULLO,   :
                                                                            :
                                          Defendants.   :
------------------------------------------------------------------------X

       Plaintiff Diamantino Hasanaj ("Plaintiff" or "Hasanaj"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of defendants Roberto's Restaurant Corp. d/b/a Roberto's Restaurant ("Roberto's"), and Roberto Paciullo ("Paciullo") (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

       1.     Roberto's failed to pay Hasanaj and its other waitstaff for all the hours they worked, paid its waitstaff at the "tipped" minimum wage without satisfying the strict tip credit requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), imposed an unlawful tip pool upon the waitstaff that required them to pay a share of their gratuities to a manager, failed to pay its waitstaff

spread-of-hours pay, and failed to furnish its waitstaff with annual wage notices and accurate weekly wage statements.

2. Hasanaj brings this action on behalf of himself and all similarly situated servers, bussers, and bartenders (collectively, the "waitstaff") pursuant to the FLSA, the NYLL, and the New York State Wage Theft Prevention Act ("WTPA") seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, misappropriated gratuities, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events set forth in this Complaint occurred at Roberto's, which is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5. Hasanaj resides in Westchester, New York.

6. Defendants employed Hasanaj as a server from June 12, 2017 to December 22, 2017.

7. Hasanaj is an "employee" within the meaning of the FLSA.

2

**Defendant Roberto's Restaurant Corp.**

8. Defendant Roberto's Restaurant Corp. is a New York corporation that owns, operates, and does business as Roberto's Restaurant, an Italian restaurant located at 603 Crescent Avenue, Bronx, New York 10468.

9. Roberto's is an iconic Italian restaurant that has been in business since 1989, and it has been at its current address since 2004. Located by Arthur Avenue in the Bronx, New York, Roberto's has been included in Zagat's "Best Restaurants in the Bronx" list, as well as Eater New York's "Five Restaurants to Try in Five New York Neighborhoods."

10. Roberto's Restaurant Corp. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Within the three years prior to the filing of this Complaint, Roberto's Restaurant Corp. had an annual gross volume of sales in excess of $500,000.

12. In *Marquez v. Roberto's Restaurant Corp., et al.*, No. 16-CV-2304 (HBP), 2017 WL 5468760, at *1 (S.D.N.Y. Nov. 13, 2017), Defendants paid another former server $117,500.00 to settle claims for unpaid minimum wages, overtime pay, and spread-of-hours pay.

**Defendant Roberto Paciullo**

13. Defendant Roberto Paciullo is an owner of Roberto's.

14. Paciullo is listed as the Chief Executive Officer of Roberto's on its New York State Division of Corporations Entity Information.

15. Paciullo is listed as the owner of Roberto's on the restaurant's website.

16. Paciullo determined the wage rates of the waitstaff, including Hasanaj's wage rates.

3

17. Paciullo hired the management at Roberto's.

18. Paciullo fired Hasanaj.

19. Paciullo exercised sufficient control over the operations of Roberto's to be considered Hasanaj's and the waitstaff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

20. Roberto's is regularly open six days per week. The restaurant is open for lunch Monday to Saturday, 12:00 p.m. to 2:30 p.m., and for dinner Monday to Thursday, 5:00 p.m. to 10:00 p.m., Friday, 5:00 p.m. to 11:00 p.m., and Saturday, 4:00 p.m. to 11:00 p.m. In December, Roberto's is open on Sundays from 12:00 p.m. to 10:00 p.m.

21. Defendants required Hasanaj to undergo a training session of one day from approximately 11:00 a.m. to 12:30 a.m. at the commencement of his employment in June 2017. Plaintiff received no pay for attending this mandatory training.

22. From June 2017 through approximately September 2017, Hasanaj regularly worked at Roberto's from Monday or Tuesday to Saturday from approximately 11:00 a.m. to 11:00 p.m., totaling sixty to seventy-two hours per workweek. Hasanaj did not work at Roberto's from July 20, 2017 to August 14, 2017.

23. From approximately September 2017 to December 22, 2017, Hasanaj regularly worked at Roberto's five days and occasionally worked four days per workweek, from 11:00 a.m. to 11:00 p.m. In December 2017, Hasanaj worked approximately fifteen straight days at Roberto's, from approximately 11:00 a.m. to 11:00 p.m.

24. Throughout his employment, Defendants paid Hasanaj and the waitstaff at the New York tipped minimum wage of $7.50 per hour.

4

25. Defendants did not give Hasanaj and the rest of the waitstaff oral or written notice of the tip credit provisions of the FLSA and/or NYLL.

26. From June 2017 through approximately September 2017, Defendants paid Hasanaj and the waitstaff overtime pay of $13.00 per hour for some of their hours worked over 40 per workweek.

27. As waitstaff employees approached 40 hours worked in a given workweek, managers at Roberto's regularly clocked them out while the waitstaff continued to work off the clock.

28. For example, on November 30, 2017, Manager Erlon Kola punched waitstaff out of Roberto's time tracking system at 2:26 p.m., and punched them back in at approximately 5:00 p.m. The waitstaff continued to serve customers and complete non-tipped side work without a break until approximately 11:00 p.m.

29. When Hasanaj and another server, Evin Xhabrahimi, complained to Paciullo in late Summer 2017 for not receiving all of their overtime pay, Paciullo yelled, "you don't work overtime!" and threatened to fire them.

30. Defendants established and imposed an unlawful tip pool upon the waitstaff that required them to pay a full server's share of tips to Manager Kola.

31. Manager Kola hired and fired employees, trained employees, controlled employees' terms and conditions of employment, exercised authority over the rate and method of compensation of employees, created the weekly schedules, regularly filled out the weekly tip sheets, and disciplined employees.

32. Hasanaj and the other waitstaff employees regularly worked more than ten hours in a given workday.

33. Defendants did not pay Hasanaj and the other waitstaff employees an additional hour of pay at the statutory minimum hourly wage rate for each day that the

5

length of the interval between the beginning and end of their workday was greater than ten hours.

34. Hasanaj and the other waitstaff spent approximately 2 to 3 hours per day (more than 20% of their workday) performing non-tipped side work, including cleaning the menus, cleaning the tables, wiping the windows, answering the phones, sweeping and mopping the floors, cleaning the bathroom, as well as occasional construction work, including fixing broken tiles in the restaurant.

35. Defendants did not furnish Hasanaj and the waitstaff with wage notices at the time of hiring or following a change to their rate of pay.

36. Defendants did not give accurate weekly wage statements to Hasanaj and the waitstaff.

## COLLECTIVE ACTION ALLEGATIONS

37. Hasanaj brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated waitstaff who are or were employed at Roberto's since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

38. The FLSA Collective consists of approximately thirty similarly situated servers, bussers, and bartenders (*i.e.*, waitstaff) who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages, overtime wages, and other monies.

39. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Hasanaj and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, the following:

    a. failing to pay the FLSA Collective the statutory minimum wage for all hours worked;

    b. failing to pay the FLSA Collective overtime wages at one and one-half times their regular hourly wage rates for all hours worked over forty per workweek;

    c. failing to provide adequate tip credit notice to members of the FLSA Collective per the FLSA and NYLL;

    d. redistributing portions of the tips earned by members of the FLSA Collective to managerial employees; and

    e. failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA and NYLL.

40. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

41. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to Hasanaj and the FLSA Collective.

42. The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

43. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

44. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff and the FLSA Collective.

45. Defendants were required to pay Plaintiff and the FLSA Collective the minimum wage rate.

46. Defendants were not eligible to avail themselves of the tipped minimum wage rate under the FLSA because:

   a. Defendants were required to, but failed to, inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m);

   b. Defendants required Plaintiff and the FLSA Collective to spend more than twenty percent of their shift performing non-tipped work; and

   c. Defendants imposed an unlawful tip pool on Plaintiff and the FLSA Collective by requiring them to share tips with a non-tipped employee.

47. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

48. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

49. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

50. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

51. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations, and employed Plaintiff and other non-exempt waitstaff.

52. Defendants failed to pay Plaintiff and the other non-exempt waitstaff employees the minimum hourly wages to which they are entitled under the NYLL.

53. Defendants were not eligible to avail themselves of the tipped minimum wage rate to the wages of the non-exempt waitstaff employees under the NYLL because:

   a. Defendants were required to, but failed to, inform Plaintiff and the non-exempt waitstaff employees of the tip credit provisions of the NYLL and the supporting New York State regulations;

   b. Defendants required Plaintiff and the non-exempt waitstaff to spend more than twenty percent of their shift performing non-tipped work; and

   c. Defendants imposed an unlawful tip pool on Plaintiff and the non-exempt waitstaff employees by requiring them to share a part of their tips with a manager.

54. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the non-exempt waitstaff the minimum hourly wage rate.

55. As a result of Defendants' violations of the NYLL, Plaintiff and the other non-exempt waitstaff are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre- and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

56. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

9

57. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly wage rates for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

58. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

59. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

60. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

61. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

62. Under the NYDOL Regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff and the other non-exempt waitstaff one and one-half (1½) times their regular hourly wage rates for all hours that they worked in excess of forty per workweek.

63. Defendants failed to pay Plaintiff and the other non-exempt waitstaff the overtime wages to which they were entitled under the NYLL and its supporting regulations.

64. Defendants have willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and the other non-exempt waitstaff overtime wages.

65. Due to Defendants' willful violations of the NYLL and supporting NYDOL Regulations, Plaintiff and the other non-exempt waitstaff are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

66. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

67. Defendants willfully failed to pay Plaintiff and the other non-exempt waitstaff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

68. By Defendants' failure to pay Plaintiffs and the other non-exempt waitstaff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting NYDOL Regulations, including, but not limited to the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6.

69. Due to Defendants' willful violations of the NYLL, Plaintiff and the other non-exempt waitstaff are entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### SIXTH CLAIM
### (New York Labor Law – Misappropriation of Gratuities)

70. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

71. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the other non-exempt waitstaff employees in violation of the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

11

72. Defendants required Plaintiff and the other non-exempt waitstaff employees to share a portion of the gratuities they received with employees other than bussers, servers, or similar employees, in violation of NYLL, Article 6, § 196-d and the supporting NYDOL Regulations, including but not limited to 12 N.Y.C.R.R. § 146-2.14.

73. By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities received by Plaintiff and the other non-exempt waitstaff employees, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

74. Due to Defendants' willful violations of the NYLL, Plaintiff and the other non-exempt waitstaff employees are entitled to recover from Defendants their unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**SEVENTH CLAIM**
**(New York Labor Law – Failure to Provide Annual Wage Notices)**

75. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

76. Defendants failed to furnish to Plaintiff and the other non-exempt waitstaff employees at the time of hiring, whenever there was a change to an employee's rate of pay, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

77.     Due to Defendants' violation of NYLL § 195(1), Plaintiff and the other non-exempt waitstaff employees are entitled to recover from Defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**EIGHTH CLAIM**
**(New York Labor Law – Failure to Provide Accurate Wage Statements)**

78.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

79.     Defendants failed to furnish Plaintiff and the other non-exempt waitstaff employees with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; or net wages, in violation of the NYLL § 195(3).

80.     Due to Defendants' violation of NYLL § 195(3), Plaintiff and the other non-exempt waitstaff employees are entitled to recover from Defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by Defendants during the three years immediately preceding the filing of this action, up through and including the date of this Court's issuance of court-supervised notice, at Roberto's. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

d. declaring that Defendants misappropriated gratuities in violation of the NYLL and the NYDOL Regulations;

e. declaring that Defendants violated the notice and record keeping provisions of the WTPA;

f. declaring that Defendants' violations of the FLSA and NYLL were willful;

g. awarding Plaintiff and the FLSA Collective damages for unpaid minimum and overtime wages;

h. awarding Plaintiff and the non-exempt waitstaff employees who opt into this lawsuit damages for spread-of-hours wages;

i. awarding Plaintiff and the non-exempt waitstaff employees who opt into this lawsuit damages for misappropriated gratuities;

j.      awarding Plaintiff and the non-exmept waitstaff employees who opt into this lawsuit liquidated damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL and the WTPA;

k.      awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

l.      awarding Plaintiff and the non-exempt waistaff workers who opt into this lawsuit pre-judgment interest pursuant to the NYLL;

m.      awarding Plaintiff and the FLSA Collective post-judgment interest as required under 28 U.S.C. § 1961(a);

n.      awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

o.      awarding such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 8, 2018

                                              PECHMAN LAW GROUP PLLC

                                        By:   _____
                                              Louis Pechman
                                              Gregory Slotnick
                                              Pechman Law Group PLLC
                                              488 Madison Avenue - 17th Floor
                                              New York, New York 10022
                                              (212) 583-9500
                                              pechman@pechmanlaw.com
                                              slotnick@pechmanlaw.com
                                              *Attorneys for Plaintiff*