# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

May 20, 2019

**VIA ECF**

Hon. Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20A
New York, New York 10007

       Re:  *Hasanaj v. Roberto's Restaurant Corp. et ano.*
            No. 18 Civ. 2108 (BCM)

Dear Judge Moses:

    Plaintiffs Diamantino Hasanaj ("Hasanaj") and Hermes Hoxha ("Hoxha") (together with Hasanaj, "Plaintiffs") and Defendants Roberto's Restaurant Corp. d/b/a Roberto's Restaurant and Roberto Paciullo (together, "Defendants") (collectively, the "Parties") jointly submit this letter-motion requesting approval of the enclosed Settlement Agreement.

## PROCEDURAL HISTORY

    Hasanaj filed this action on March 9, 2018, asserting claims against Defendants for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"). Hasanaj also asserted claims for spread-of-hours pay, misappropriated gratuities, liquidated damages, interest, and attorneys' fees and costs under the NYLL, as well as statutory damages for Defendants' failure to provide him with wage notices and accurate wage statements pursuant to the NYLL and the NYLL's Wage Theft Prevention Act ("WTPA"). Hoxha joined this action and filed a consent to sue on November 1, 2018. Defendants deny the Plaintiffs' allegations.

    After exchanging paper discovery, including all available time, tip, and payroll records reflecting Plaintiffs' time worked and Defendants' payment of Plaintiffs' wages and tips, and engaging in a mediation with Your Honor on March 20, 2019, the Parties agreed to settle their disputes in principle for $59,000 (the "Settlement Sum"). Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), counsel for the Parties submit this joint letter-motion with the enclosed executed Settlement Agreement for the

Court's approval and a proposed order dismissing this case.

## FACTUAL ALLEGATIONS

Roberto's Restaurant is an Italian restaurant near Arthur Avenue in the Bronx serving traditional Italian cuisine. Hasanaj worked for Defendants at Roberto's as a server from June 2017 through December 2017, and Hoxha worked for Defendants at Roberto's as a busser from August 2017 through August 2018.

Plaintiffs allege that Defendants: (1) failed to pay them minimum wages equaling at least the statutory minimum wage rate; (2) failed to pay them overtime wages of time and one-half their regular rate of pay for hours worked over forty per workweek; (3) failed to pay them spread-of-hours pay; (4) misappropriated their gratuities by including a manager in the Roberto's tip pool; (5) failed to provide them with wage notices upon hiring and when their pay rates changed; and (6) failed to furnish them with accurate wage statements with each payment of their wages.

In their Answer, Defendants denied the substantive factual allegations, claiming that they acted in good faith believing their actions complied with all applicable federal and state laws, that they paid proper minimum and overtime wages and spread-of-hours pay, that they did not misappropriate gratuities in violation of the NYLL, and that Defendants provided wage statements and notices as required by the WTPA. In support of their defenses, Defendants produced timecards reflecting that Plaintiffs did not work as many hours as alleged in the Complaint, as well as weekly schedule spreadsheets and paystubs for both Plaintiffs.

## THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

To determine whether an FLSA Settlement Agreement should be approved as fair and reasonable, courts in the Second Circuit consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the

settlement." *Martinez v. Hilton Hotels Corp.*, No. 10 Civ. 7688 (JLC), 2013 WL 4427917, at *2 (S.D.N.Y. Aug. 20, 2013) (quoting *Garcia v. Bae Cleaners Inc.*, No. 10 Civ. 7804 (KBF), 2012 WL 1267844, at *1 (S.D.N.Y. Apr. 12, 2012)). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.)

The parties discussed in depth the strengths and weaknesses of Plaintiffs' case, including Defendants' position that they properly paid Plaintiffs for all hours worked, throughout settlement discussions and the mediation on March 20, 2019. To prove that Defendants paid Plaintiffs an invalid tipped minimum wage, Plaintiffs noted that Defendants failed to produce any WTPA notices for Plaintiffs and produced weekly tip sheets which allegedly showed a Roberto's manager receiving tips from the pool each week despite no recording of his hours. The hours on the tip sheets were noted and calculated for all of the other employees in the tip pool. Plaintiffs also produced a video which they allege shows the same manager punching out Roberto's employees while they continued to work the lunch shift, a practice which Plaintiffs allege was consistent throughout their employment. Defendants replied that Plaintiffs did not work as many hours as they claimed to have worked, that Roberto's Restaurant was not as busy with customers as Plaintiffs alleged to warrant the number of hours they claim to have worked each week, and that Plaintiffs were not consistently punched out while continuing to work in between the lunch and dinner shifts. Defendants claim that Plaintiffs were paid for all of their hours worked and pointed to their paystub and daily timecard records showing Plaintiffs working fewer hours than alleged in the Complaint.

Assuming Plaintiffs prevailed on all of their claims at trial, their highest possible damages would be $146,310.95. Of this amount, $60,007.81 is unpaid wages and misappropriated gratuities, $60,007.81 is liquidated damages under the NYLL, $10,000 is WTPA damages, and $6,295.35 is interest. However, assuming a jury credited Defendants' position on Plaintiffs' hours worked, Plaintiffs' highest possible damages would be significantly lower than the Settlement Sum. The Settlement Sum of $59,000 represents an extremely robust recovery, especially considering Hasanaj only worked at Roberto's Restaurant as a server for approximately five months and Hoxha worked at Roberto's Restaurant as a busser for about a year.

To avoid the risks and expenses inherent in continuing litigation, the Parties agreed to resolve their disputes as set forth in the Settlement Agreement. The Settlement Agreement provides Plaintiffs with a reasonable recovery in light of the difference between their highest possible damages as calculated by the Parties. Indeed, even after deducting attorneys' fees and costs, Plaintiffs will receive $38,983.59 of the Settlement Sum, amounting to approximately 65% of their unpaid wages if they were fully successful at trial. This percentage is amply fair and reasonable. *See, e.g., Angamarca v. Hud-Moe LLC*, No. 18 Civ. 1334 (RA), at *2 (S.D.N.Y. Dec. 17, 2018) (approving settlement under which plaintiff would receive "approximately 25% of [his] total conceivable damages" as "fair and reasonable both as a percentage and 'in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence of

settlement") (quoting *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016). Notably, the payment that Plaintiffs will receive far exceeds their highest possible recovery if a jury credited Defendants' allegations.

Pursuant to the Settlement Agreement, Defendants will pay the Settlement Sum in installments:

- $20,000 within ten days of Court approval of the Settlement Agreement; and
- $3,250 in twelve monthly installments, with each payment being made by the fifteenth day of each month following April 2019 (May 15, 2019 through April 15, 2020).

To help ensure payments to Plaintiffs, Defendants have each executed an Affidavit of Confession of Judgment to be entered if they default.

The Settlement Agreement also contains a mutual general release limited to claims for events at Roberto's Restaurant. The Agreement here binds the Plaintiffs who initiated and joined the case, who are represented by counsel, no longer work for Defendants, and have represented that they have no knowledge of any additional potential claims that they may have against Defendants arising out of their employment for Defendants at Roberto's Restaurant. Accordingly, "it would be an anomalous result to say that a general release is unfair given that the agreement to one amounts to zero cost . . . as there is no other claim that could be brought." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015).

The proposed Settlement Agreement resolves *bona fide* disputes over sharply contested issues regarding Plaintiffs' weekly hours worked. Prior to agreeing to the Settlement Sum, the Parties conducted a thorough investigation, evaluated all claims and defenses, discussed the valuation of damages, applicable legal precedent, and Defendants' ability to withstand a significant judgment, and negotiated in good faith during a settlement conference with Your Honor.

Both Parties' attorneys are experienced and conducted negotiations at arm's-length and in good faith, thereby preventing the possibility of any fraud or collusion. Moreover, considering the early procedural posture of this case, the Parties stand to incur significant costs and legal fees in continuing litigation. By settling, they avoid those costs and the risks of litigation. In view of the foregoing, the Court should approve the Settlement Agreement as fair and reasonable. *See Wolinsky*, 900 F. Supp. 2d at 335.

## ATTORNEYS' FEES

Pursuant to the retainer agreement between Plaintiffs and counsel, Plaintiffs' counsel's fees are $20,016.41, which equals 33.3% of the Settlement Sum after reimbursement of costs totaling $524.56 incurred in the prosecution of this action.[1] As

---

[1] Costs incurred are $400.00 for the Court's filing fee, $110.00 for service of process fees on the two

Pechman Law Group PLLC ("PLG") took this matter on a contingency, and the attorneys' fees reflect the 33.3% contingency agreed to by Plaintiffs, the proposed attorneys' fees should be awarded as it was the agreed upon fee between Plaintiffs and their counsel. *In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). Moreover, the one-third contingency is the fee which courts consider to be presumptively fair in FLSA cases. *See, e.g., Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *3 (S.D.N.Y. July 12, 2018) ("[A]ttorneys' fee awards of one third or less of the total settlement amount are frequently accepted in this District."); *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13 Civ. 6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") In this regard, it bears noting that the lodestar in this matter of $29,962.06 far exceeds what PLG will receive pursuant to its contingency fee agreement. In accordance with Your Honor's rules, enclosed for the Court's review as Exhibit B is a copy of PLG's time records.

## CONCLUSION

The Parties agree that the Settlement Agreement is fair and reasonable and should be approved. This settlement will enable the Parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses in further litigation. Continuing through discovery and trial would consume significant amounts of time and resources and demand substantial judicial resources. Depositions and a trial would be costly for all parties and could lead to the depletion of the resources used to resolve this matter.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

Gregory S. Slotnick

cc: Counsel for Defendants (via ECF)

Enclosures

---

Defendants (ECF Nos. 9–10), and $14.56 for 182 pages printed for service of process on Defendants. Copies of invoices for these costs will be provided if required by the Court.