UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIAMANTINO HASANAJ, *on behalf of himself and all other persons similarly situated*, and HERMES HOXHA,

Plaintiffs,

-against-

ROBERTO'S RESTAURANT CORP. d/b/a
ROBERTO'S RESTAURANT and
ROBERTO PACIULLO,

Defendants.

18-CV-2108 (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/19

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' joint letter dated May 20, 2019 (Dkt. No. 47), seeking approval of their proposed Settlement Agreement and General Release (Agreement) (Dkt. No. 47-1), pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Roberto's Restaurant Corp. d/b/a Roberto's Restaurant (Roberto's) and Roberto Paciullo to pay a total of $59,000 to settle this action. Ag. ¶ 1. Of that sum, $16,983.64 will go to plaintiff Diamantino Hasanaj, and $21,999.95 will go to plaintiff Hermes Hoxha, in full settlement of their Fair Labor Standards Act (FLSA), New York Labor Law (NYLL), and New York Wage Theft Prevention Act (WTPA) claims, while $20,016.41 will to go plaintiffs' attorneys. *Id.* ¶ 2(A). Payment is to be made in a series of thirteen monthly installments, the latest of which is slated for April 2020. *Id.*

The Agreement contains mutual releases, with the plaintiffs' release limited to wage and hour claims: Plaintiffs release defendants from all claims for "damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, minimum wage and overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim Plaintiffs have had, under the

FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute, code, or ordinance . . . relating to the claims raised in the Pending Action or claims that could have been raised arising out of their employment at Roberto's Restaurant as of the date of this Agreement." Ag. ¶ 5. Defendants in turn release plaintiffs from "any and all known or unknown claims, complaints, causes of action, lawsuits, or demands of any kinds that Defendants have or may have against Plaintiffs and/ or Plaintiff Releasees arising from Plaintiffs' work at Roberto's Restaurant as of the date of their execution of this Settlement Agreement." *Id.* Plaintiffs are no longer employed at Roberto's. Ag. at 1.

The Agreement contains neither a confidentiality clause nor a non-disparagement clause.

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. The proposed attorney's fee award is also reasonable. Plaintiffs' attorneys will recover $524.56 in costs, *see* Joint Ltr. at 4 n.1, and receive another $19,491.85 in fees, which represents 33% of the net settlement payment. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Beckert v. Rubinov,* 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) (when calculating a percentage-of-the-fund award, "the appropriate denominator is the total settlement *net* of costs") (emphasis in the original).

Accordingly, the proposed settlement is APPROVED.

Dated: New York, New York
     May 21, 2019

**SO ORDERED**.

_____

**BARBARA MOSES**
**United States Magistrate Judge**